## STATE OF MISSISSIPPI *v.* AUGUSTINE QUINTINI.

1. CRIMINAL PROCEDURE. *Pleadings. Abbreviations. Amendments.*

    The use of abbreviations in criminal proceedings is objectionable, but if an affidavit charging an offense be quashed because thereof, the state should be permitted to amend.

2. SAME. *Affidavit. Personal knowledge.*

    It is not essential to the validity of an affidavit charging the commission of a crime that the same be made on the personal knowledge of the affiant.

3. SAME. *Probable cause.*

    A person may be arrested for crime only on probable cause, but a charge of crime against him on oath, though made on information and belief, constitutes probable cause for his arrest by an officer.

FROM the circuit court of Hancock county.

HON. THADDEUS A. WOOD, J.

The case was a prosecution in the court below by the state against Quintini; the prosecution there failing, the state appealed to the supreme court as authorized by statute. The facts are stated in the opinion of the court.

*Wiley N. Nash,* attorney-general, for appellant.

An affidavit in a criminal case can be made upon information and belief. Certainly there are many reasons why it should be allowed to be done. This court recognizes the prin-

ciple that an affidavit can be made upon information and belief. *Coppock* v *Smith,* 54 Miss., 641. The question of affidavits is also noticed in *Burks* v. *Burks,* 66 Miss., 495; *Waller* v. *Shannon,* 53 Miss., 501. In none of these cases does it seem to be questioned by the court but that an affidavit may be made upon information. It has been held that it is perjury for a witness to swear that he thinks or believes a certain fact when he thinks and believes the contrary. Clark's Criminal Law, 333; *Reg* v. *Schlesinger,* 10 Q. B., 670; *Com.* v. *Edison* (Ky.), 9 S. W. Rep., 161.

No counsel appeared for the appellee.

TERRAL, J., delivered the opinion of the court.

Augustine Quintini was tried and convicted before Edwin P. Laizer, a justice of the peace of Hancock county, of an assault and battery upon Henry Bosette, and fined five dollars, from which conviction he appealed to the circuit court of said county, where, on motion of the said Quintini, the affidavit was quashed, and the defendant discharged.

The affidavit is in these words :

" THE STATE OF MISSISSIPPI,

    "*Hancock County.*

" Before me, Edwin Laizer, a justice of the peace for the fifth district of said county and state, Albert J. Carver, constable, on information and belief, makes oath that Augustine Quintini did, on the 11th day of Aug., 1898, in the fifth district of Hancock county, Miss., within the limits of said justice of the peace jurisdiction, and within the limits of the city of Bay St. Louis, assault and beat Henry Bosette, against the peace and dignity of the State of Mississippi.

                " ALBERT J. CARVER, *Constable.*

" Subscribed and sworn to before me this 12th day of Aug., 1898.               EDWIN P. LAIZER, *J. P.*"

The grounds of the action of the learned circuit court are not

given in the judgment, and we are left to conjecture their nature.

The abbreviations of the names of the month of August and of the State of Mississippi are objectionable, but if the motion was sustained on that ground, the state should have been given leave to amend the affidavit.

The affidavit expresses the charge of the crime in the words of the best authors, and concludes as required by the constitution, and we find no objection to it on that account.

The brief of the attorney-general says that he is informed by the district attorney that the affidavit was quashed because it was not made on the personal knowledge of the affiant.

The common law was ever jealous of the personal rights of the subject, and its principles in this respect are embodied in section 23 of the constitution, which secures all persons from arrest unless on probable cause supported by oath or affirmation.

In reference to prosecutions before justices of the peace, section 27 of the constitution provides that the proceedings in such cases shall be regulated by law, and § 2421, code 1892, reads that "on affidavit of the commission of a crime of which he has jurisdiction lodged with a justice of the peace he shall try and dispose of the case according to law."

By the general principles of the common law every accusation of a crime against an accused person must be charged, directly and positively stating the nature and cause of the accusation, and our bill of rights does not impair these common law principles. But neither the constitution nor § 2421, code 1892, requires the affidavit to be sworn to by one having personal knowledge of the facts stated in it, nor do we see any reason for supplying such omission on the part of the legislature. The improbabilities of finding a person who knows all the facts of any crime, and who, if knowing them, would be willing to charge them in such language as imports undoubted guilt, possibly induced the legislature not to require personal knowl-

edge in the affiant; and that the legislature did not intend the affidavit to be made on personal knowledge is evidenced by the repeated attempts of that body to have misdemeanors prosecuted before justices of the peace instead of before the circuit courts, as by the act which authorized grand juries to refer misdemeanors presented to them to the proper justice of the peace of the county for trial.

A person may be arrested only on probable cause, but probable cause in law is a charge of crime made on oath, without regard to the fact whether the oath is made on personal knowledge or upon information and belief merely. By common law certain officers made information without oath, and such unsworn information was probable cause by that law. Here Carver was a constable, a sworn officer of the law, and his affidavit, made upon information and belief, charging Quintini with a crime, was probable cause, and constituted a valid charge against Quintini for his arrest and trial. *State* v. *Davie*, 62 Wis., 305; Clark's Crim. Pro., sec. 6; Bishop Crim. Pro., sec. 230; *Bigham* v. *State*, 59 Miss., 529; *Coulter* v. *State*, 75 Miss., 356.

*We are of the opinion that the circuit court erred in quashing the affidavit in this cause and in discharging the accused.*