# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## SEPTEMBER TERM, 1923.

---

### BUFKIN v. STATE.

(Division B. Dec. 31, 1923.)

[98 South. 452. No. 23679.]

1. CRIMINAL LAW. *Proceeding to trial on affidavit or indictment without objection a waiver of arraignment.*

    A ·defendant charged with a crime may and does waive arraignment, where he proceeds to trial on the affidavit or indictment without objection, and he cannot by objection to a later arraignment avoid a conviction.

2. CRIMINAL LAW. *Charge that defendant violated law equivalent to charging that act was done unlawfully.*

    A charge in an affidavit that the defendant "did violate the law" by doing an act which is prohibited by statute is equivalent to charging that the act was done unlawfully.

3. INTOXICATING LIQUORS. *Omission of word "unlawfully" from instruction defining offense held not error.*

    In a prosecution for having intoxicating liquors in one's possession, under chapter 189, Laws of ˋ1918 (section 2163b, Hemingway's Supp. 1921) the omission of the word "unlawfully" from an instruction defining the offense is not reversible error in a case where the only testimony before the jury was that the defendant had in his possession whisky, since a person not an officer cannot lawfully possess whisky.

4. CRIMINAL LAW. *Affidavit charging unlawful possession amendable to charge possession of more than one quart.*

    An affidavit charging the unlawful possession of intoxicating liquor may be amended in the justice court so as to charge the posses-
134 Miss.—1

(1)

sion of more than one quart of such liquor, since the substance sor of the offense in either case is the same, and the amendment only affects the amount of punishment that may be imposed after conviction.

5. INTOXICATING LIQUORS. *Any justice may issue search warrant for his county on proper affidavit.*

Under section 2088, Hemingway's Code (Laws of 1908, chapter 1115), as conservators of the peace, with jurisdiction coextensive with the county, any justice of the peace of a county may issue a search warrant to be served in any part of his county, when a proper affidavit therefor is lodged with him.

6. INTOXICATING LIQUORS. *Search warrant may be returnable in less than five days from issuance.*

The purpose of the requirement of section 2088, Hemingway's Code (Laws of 1908, chapter 1115), that a search warrant for intoxicating liquor shall be made returnable on a day certain, not earlier than five days from its issuance, was to afford the person found in possession of the liquors a remedy for the recovery thereof, if he should be entitled thereto, but in a prosecution for unlawfully possessing whisky no right of the defendant was infringed by the fact that the return day fixed in the warrant was earlier than five days from its issuance, since under the provisions of chapter 189, Laws of 1918 (sections 2163b and 2163e, Hemingway's 1921 Supp.), no property rights of any kind exist in such liquor, and the possession thereof by the defendant under any circumstances would be illegal.

7. INTOXICATING LIQUORS. *Searches and seizures. Statute as to issuance of search warrant held valid; affidavit for search warrant held to show probable cause.*

An affidavit in compliance with the provisions of chapter 115, Laws of 1908 (section 2088, Hemingway's Code), which authorizes the issuance of a search warrant for liquors kept in violation of law, upon "the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors, . . . are being kept or offered for sale," etc., constituted a sufficient showing of probable cause for the issuance of a search warrant, and this section is not violative of section 23 of the Constitution, which prohibits the issuance of a warrant without probable cause.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

D. P. Bufkin was convicted of having more than one quart of intoxicating liquor in his possession, and he appeals. Affirmed.

*Davis & Hill,* for appellant.

The defendant was charged by affidavit in the justice court with having intoxicating liquor in his possession. The charging part of the affidavit, before amendment, was that defendant "did violate the law by having intoxicating liquor in his possession against the peace and dignity of the state of Mississippi." Before the trial, and over the objection of the defendant, the justice of the peace permitted the county attorney to amend the affidavit so as to insert in the affidavit after the word "having" and before the word "in" the words "more than one quart." The judgment of the justice of the peace shows that said amendment was made over the objection of defendant. The defendant was convicted, appealed to the circuit court, and was again convicted, and fined five hundred dollars and sentenced to jail for three months, but one-half of the fine and jail sentence was suspended during good behavior.

At the close of the state's testimony a motion was made to exclude all the evidence offered by the state for the reason that it was obtained by the sheriff and his two deputies by virtue of a search made under void search warrant proceedings. Two or three quarts of whisky were found in appellant's home, and after the close of the testimony and the overruling of the motion to exclude same, the jury retired to deliberate, and thereafter came into court with a verdict. Whereupon the court announced that it occurred to the court the defendant had not been arraigned, and had the defendant arraigned in the presence of the jury, declining to accept the verdict, and after the arraignment, which was "not guilty," the court sent the jury back to the jury room "for further consideration

of the case" and in a minute or so afterwards the jury came back into court with a verdict of guilty.

We respectfully submit that the court erred in arraigning the defendant after the jury made up its verdict and had returned it into court. An arraignment at this stage of the proceedings is a nullity. We are aware that this court has held in the case of *Scruggs* v. *State,* 93 So. 482, that a defendant may expressly or impliedly waive arraignment, citing *Arbuckle* v. *State,* 80 Miss. 15, 31 So. 437. But the situation here is different. If the state undertakes to arraign the defendant, it must do so at the proper time and in an orderly manner. Appellant certainly cannot be deprived of his right under the statute to be arraigned at the right stage of the trial, and he cannot be deprived of his right to question any illegal procedure if he takes advantage of it in the proper way. In fact, the statute gives him the right to except to it. *Washington* v. *State,* 93 Miss. 270, 46 So. 539; *Short* v. *State,* 82 Miss. 473, 34 So. 353. And the record clearly shows that he did object before the arraignment was had, that the court arraigned him over his objection, and that he duly excepted to the court's action.

The affidavit charges no offense, because it does not allege that defendant "unlawfully" had intoxicating liquor in his possession, and the defect, being jurisdictional, may be raised here for the first time. It will be observed that the affidavit does not describe or designate the particular kind of liquor, but merely charges possession of "intoxicating liquor," and home-made wines are intoxicating, but possession thereof is entirely legal under the law, even in quantities of more than one quart. Because there being no valid charge on account of the omission of the word "unlawful," the point may be made for the first time in this court. *Jordan* v. *State,* 87 Miss. 170, 39 So. 895; *Irby* v. *State,* 91 Miss. 542; *Pittman* v. *State,* 107 Miss. 154, 65 So. 123. Nor, does the allegation that defendant "did violate the law" cure the defect, this being a mere conclusion. In *Irby* v. *State, supra,* the

affidavit charged the accused with selling whisky "against the peace and dignity of the state of Mississippi," and in *Jordan* v. *State, supra,* the charge was that defendant "did carry a certain deadly weapon, to-wit, a pistol, concealed on his person, against the statute in such cases made and provided and against the peace and dignity of the state of Mississippi," and yet in both cases the affidavits were adjudged insufficient.

The county attorney was without power to amend the affidavit in the justice court, over defendant's objection, so as to charge an offense of a higher degree. It was tantamount to charging a different crime. The judgment of the justice court recites that the amendment was made over defendant's objection. If the prosecution cannot amend an affidavit in the circuit court, where the case is tried *de novo* on appeal, so as to charge a new and different offense, certainly it cannot amend the affidavit in the justice court so as to charge a new and different offense, and it is equally without power to amend so as to charge a similar offense carrying a higher degree of punishment.

This state's evidence should have been excluded because obtained under illegal and void search warrant proceedings, contrary to section 23 of the constitution, and the statutes regulating search warrant proceedings, and the testimony was, therefore, inadmissible, being admitted in violation of section 26 exempting an accused from being compelled to testify against himself.

First, it appears that the warrant was issued by a justice of the peace of beat three of Forrest county to search the premises situated in beat two of said county. The statute seems to indicate that any justice of the peace may issue the warrant but the statute evidently intended that only such justice of the peace as had jurisdiction might issue it. The statute provides that the magistrate shall direct in the warrant that the officer executing the warrant make return thereof and bring the liquors before him, the magistrate, on a day certain, not less than

five days thereafter, and certainly a justice of the peace of one district could not issue a warrant to seize property in another district and bring before him for disposition, for that would be exercising jurisdiction not properly given him under the Constitution.

The return on the search warrant showed that the liquors seized thereunder were seized February 24, 1923, whereas the affidavit charged, and the evidence showed, that the liquors which were seized and which were admitted on the trial, were possessed on February 23, 1923. It is settled law that an officer may not impeach his own solemn return; he may not show that the property seized and described in his return as on a certain date was seized on a different date. There was, therefore, a material variance, and the evidence should have been excluded for said reason.

The affidavit for the search warrant was made on information and belief. No hearing was had by the magistrate to determine whether probable cause existed for the issuance of the warrant, and no facts were set forth in the affidavit showing upon what the affiant based his information and belief that intoxicating liquors were being kept by appellant so that the magistrate might determine therefrom whether probable cause existed for the issuance of the writ. A majority of the courts hold that the determination of ''probable cause'' is a judicial act, resting solely in the officer having the authority under the law to issue the warrant, and cannot be delegated to the person making the affidavit, and that a law which authorizes the issuance of a warrant merely on an affidavit based on information and belief of the party making it violates the constitutional requirements that search warrants shall issue only on probable cause, supported by oath or affirmation. *Reg* v. *Walker,* 13 Ont. 83; *Rex* v. *Kehr,* 11 Ont. L. 517, 6 Ann. Cas. 612; *State ex rel Register* v. *McGahey,* 12 N. D. 535, 97 N. W. 865, 1 Ann. Cas. 650, 14 Am. Crim. Rep. 283; *Lippman* v. *People,* 175 Ill. 101, 51 N. E. Rep. 872. The notes in *State* v. *McGahey,*

*supra,* 1 Ann. Cas. 650, say that a later North Dakota case upholds the McGahey case, to-wit: *State* v. *Patterson* (1904), 99 N. W. 67, and that both cases are supported by the case of *White* v. *Wager,* 83 Ill. App. 592, affirmed 185 Ill. 195, holding that where the requirement under constitutional or statutory provisions that a search warrant shall issue only upon probable cause, the affidavit, oath or affirmation must show probable cause arising from facts within the knowledge of the affiant, or must exhibit facts upon which his belief is based, as mere belief alone is insufficient. See also *State* v. *Peterson* and *State* v. *Romano* (Wyo.), A. L. R. 13, page 1284, in which the subject is exhaustively treated, and the authorities, *pro* and *con* the proposition, are discussed. The Peterson and Romano cases hold that an affidavit based on information and belief is insufficient to support an application for a search warrant. See also *Dukes* v. *Commonwealth* (Ky.), 244 S. W. 703, holding that the affidavit must state facts, and not conclusions; also *Caudill* v. *Commonwealth,* 294 S. W. 1005 (Ky.); also *Wiggins* v. *State* (Wyo.), 206 Pac. 373; *DeGraff* v. *State,* 2 Okla. Crim. Rep. 519, 103 Pac. 538; *Knisely* v. *Ham,* 39 Okla. 623, 49 L. R. A. (N. S.) 770, 136 Pac. 427; *Chipman* v. *Bates,* 15 Vt. 51, 40 Am. Dec. 663.

The federal courts, in construing the law, have unanimously held that the finding of the legal conclusion or of probable cause from the exhibited facts is a judicial function, and it cannot be delegated by the judge to the accuser. *U. S.* v. *Kaplan,* 286 Fed. 969 citing *Veeder* v. *U. S.* 252 Fed. 414, 164 C. C. A. 338 (C. C. A. Seventh Cir.) *certiorari* by defendant denied by United States Supreme Court, 246 U. S. 675, 38 Sup. Ct. 428, 62 L. Ed. 933. See also, *U. S.* v. *Borkowski* (D. S.), 268 Fed. 410; *U. S.* v. *Kelili* (D. C.), 272 Fed. 484; *Central Consumers Co.* v. *James* (D. C.), 278 Fed. 249; *Queck* v. *Hawker* (D. C.), 282 Fed. 942; *Giles* v. *U. S.,* 284 Fed. 214 (C. C. A. First Cir.); See also *U. S.* v. *Inelli,* 286 Fed. 731; *Ganci* v. *U. S.,* 287 Fed. 60; *U. S.* v. *Ilig,* 288 Fed. 939; *Lipschutz* v.

*Davis,* 288 Fed. 974; *Atlantic Food Product Corp.* v. *Mc-Clure,* 288 Fed.—; *U. S.* v. *Harnich,* 288 Fed. 256; *U. S.* v. *Dziadus,* 289 Fed. 837; *U. S.* v. *Kykowski,* 267 Fed. 866; *U. S.* v. *Friedman,* 267 Fed. 856.

It is true that some of the above decisions were rendered under the statute of the United States prescribing a different procedure for the issuance of search warrants than that prescribed by our statutes, but nevertheless it is well to remember that the Congress of the United States, the greatest legislative body in the world, was seeking to pass an act that would conform to the spirit and the letter of the Fourth Amendment to the Constitution, and in a way were construing the amendment with a view to determining what its requirements were when enacting the aforesaid statutes with reference to searches and seizures, and, therefore, that the Congress has said that probable cause shall be determined only by the officer issuing the warrant upon facts presented in support thereof, and not merely upon the hearsay information and belief of the accuser, is highly persuasive that an act which leaves it to the accuser himself to determine probable cause would be unconstitutional.

Moreover, the Fourth Amendment had been construed prior to the passage of 40 Stat. 228; U. S. Complied Stat. 1918, 1919 Supp., p. 2396. In *Ripper* v. *U. S.,* 178 Fed. 24, decided in 1910, we find the following: "The affidavit on which a search warrant is issued must set forth facts from which the existence of probable cause can be determined, and the warrant must contain more than a mere statement that some one had declared under oath that he had good reason to believe, and did believe, the accused was violating the law. A statute which authorizes a search warrant to be issued upon such an affidavit does not express all the requirements of the Constitutional provision."

The supreme court of the United States has also said that probable cause may not be made out merely on an

affidavit based on information and belief, if we construe the opinion correctly. It was said in *Gouled* v. *United States,* U. S. Sup. Ct. Rep. 65 L. Ed. 6471, 255 U. S. 298, 41 Sup. Ct. Rep. 261, as follows: "It has never been required that a criminal prosecution should be pending against a person in order to justify a search or a seizure of his property under a proper warrant, if a case of crime having been committed and of probable cause is made out, sufficient to satisfy the law and the officer having authority to issue it, and we see no reason why property seized under a valid search warrant, when thus lawfully obtained by the Government, may not be used in the prosecution of a suspected person for a crime other than that which may have been described in the affidavit as having been committed by him."

There is nothing contained in any of the decisions of our own court, so far as we have been able to discover, antagonistic to the views and authorities cited above. In *Quintini* v. *State,* 76 Miss. 498, which was a case that dealt with the sufficiency of an affidavit charging a misdemeanor, the court held that while a person may be arrested only on probable cause, still probable cause in law is a charge of crime made on oath, without regard to the fact whether the oath is made on personal knowledge or upon information and belief merely.

While we are unwilling to admit the correctness of said holding, still that case is based on the ruling made in the case of *Coulter* v. *State,* 75 Miss. 356, which, likewise, dealt with the sufficiency of an affidavit charging a misdemeanor. In other words, both cases were dealing with affidavits charging crimes, and not with affidavits for search warrants, and they were interpreting not section 23 relating to search warrants, but section 27 relating to criminal prosecutions.

*S. C. Broom,* assistant attorney-general, for the state.

The first assignment of error is that the court erred in arraigning the defendant, after the jury had brought in their verdict, over the objection of the defendant.

The only statutory reference to an arraignment we believe is found in section 1238 of Hemingway's Code, section 1480, Code of 1906, and is as follows: "If the defendant, on arraignment, refuse or neglect to plead, or stand mute, the court must cause the plea of 'not guilty' to be entered, and the trial to proceed."

The last utterance of this court with reference to this subject so far as we are able to determine is the case of *Scruggs* v. *State,* 93 So. 482. In the Scruggs case the rule as stated in the case of *Arbuckle* v. *State,* 80 Miss. 15, 31 So. 437, was adopted, and the Arbuckle case overruled the earlier and prior decisions on the point. In the Scruggs case all of the testimony had been introduced for the state and the appellant had begun to introduce his proof when the court arraigned the appellant on the indictment charging a felony. Immediately after the arraignment counsel for appellant objected or excepted to the action of the court. In the case at bar the defendant introduced no evidence. The state had finished, the jury had retired and returned with their verdict, but before announcing the verdict it appears that the court of its own motion had the defendant arraigned, and then caused the jury to again retire after having heard his plea of "not guilty" and then come into court. The Scruggs case holds that the right of arraignment is not jurisdictional but merely one of procedure, and one which the defendant, of course, may waive.

The theory of the defense was that it was a void search warrant and, therefore, the evidence obtained was unlawfully obtained and could not be introduced in evidence, following the rule as stated in the case of *Tucker* v. *State,* 90 So. 845, and other authorities since that date.

It is perfectly apparent from an examination of the entire record that the defendant as well as the state had

overlooked the matter of arraignment. The second assignment of error is directed against the state's single instruction on the theory that it authorized a conviction if they believed that he had more than one quart of intoxicating liquor in his possession regardless of whether he possessed it unlawfully or not. It is said that the instruction is fatally defective in omitting the word "unlawfully," and the same objection is made to the affidavit itself, and so the two assignments of error will be treated together. The theory of the defense is that the word "unlawfully" should have been used because home-made wines may be intoxicating and yet it is not unlawful to possess them. We are, of course, familiar with that statutory exception with reference to intoxicating liquor, and also with the recent opinion rendered by this court, in which it was held that home-made wines were not prohibited by the statute if its alcoholic contents were produced by its own fermentation and not by added alcohol. But there is also another statute with reference to the law of intoxicating liquor, and that is section 2164 of Hemingway's Code, which provides that: "In any indictment or presentment for any violation of this act, it shall not be necessary to negative the exceptions herein contained . . . but such exceptions may be relied upon as defense and the burden of establishing same shall be upon the persons claiming the benefit thereof."

Therefore, we say that this is in the nature of an affirmative defense made so by statute, and in this case all of the evidence goes to show that it was whisky and not home-made wine. The law makes it unlawful to possess it, and there are certain exceptions, and these exceptions are in the nature of an affirmative defense and the burden of proving them is upon the defendant. Therefore, any affidavit or indictment which charges the possession of intoxicating liquor charges a crime and the word "unlawfully" is mere surplusage.

The fourth assignment of error is that the affidavit was amended in the justice of the peace court so as to charge the possession of more than one quart of intoxicating liquor. The record will disclose that this was made before the case was tried, and on timely motion made by the county attorney. It is manifest that the proof in either case is the same. There is no difference in the witnesses and there is no difference in the defense. The right of the appellant could not be affected by any amendment made. But the complete answer to this and to the third assignment of error as well, is that any defect appearing in the affidavit or any amendment that was made in the justice of peace court should have been taken advantage of by a demurrer on the trial of the case in the circuit court, and the record is absolutely silent as going to show that any objection was ever made to the affidavit by way of demurrer or otherwise on the trial of this case.

We now come to a consideration of the fifth assignment of error, which charges that the evidence was obtained under and by virtue of void search warrant proceedings. Section 2088 of Hemingway's Code, provides for the issuance of search warrants by any justice of the peace in the county, and while counsel for appellant says that the statute evidently intended that only such justices of the peace as had jurisdiction might issue same, it is our contention that the statute means just what it says. The statute authorizes any justice of the peace in the county to issue a warrant when proper affidavit has been made. This appellant was tried by a justice of the peace that had jurisdiction of his person and of the offence, and therefore he is not hurt by the proceedings. If he had been tried by a justice of the peace in some other district, then indeed there would be merit in this contention.

It is further contended by counsel for appellant that the statute provides that the warrant shall be returnable on a day certain, not less than five days thereafter, where-

as in the present case it was made returnable *instanter.*
It is true that the statute does provide for five days'
notice before a warrant shall be returnable, but this stat-
ute was enacted in 1908—eight years prior to the act un-
der which we are now proceeding, and at the time of the
enactment of section 2088 liquor had not been declared to
be contraband and beyond the pale of the law.   At that
time under some conditions it possessed the characteris-
tics of property.   Therefore there might have been, and
could have been a civil right involved, hence the necessity
for five days' notice.   But we are now proceeding under
an act which declares intoxicating liquor to be contra-
band and beyond the pale of the law, and a thing in which
there is no property right.   Therefore, there is no neces-
sity for five days' notice.

Counsel for appellant cites the usual line of authorities
and advances the usual argument with reference to the
question of probable cause as provided for in section 23
of the Constitution.   This court has never passed upon
that question.   Our theory of the law is that the statute
itself defines probable cause.   The statute provides that
the affidavit shall be made by a credible person who has
reason to believe and does believe, etc., and having made
this affidavit the justice of the peace shall issue a war-
rant.   The only requirement seems to be that the person
making the affidavit shall be a credible person, and in
addition to his well-known credibility he must be ready to
swear that he has reason to believe and does believe that
intoxicating liquor is being kept, etc.   Having done all of
this then the effect of the statute is to say that there is a
finding of probable cause and a justification for the is-
suance of the warrant.   There is nothing to be gained by
an extended argument, or citation of, or analysis of the
numerous authorities *pro* and *con* on this subject because
this question has been treated in all of its phases and all
authorities available have been submitted and are now
under consideration by this honorable court, and we feel

that nothing can be added to what has already been said and done in the premises.

COOK, J., delivered the opinion of the court.

The appellant, D. P. Bufkin, was charged by affidavit in the justice court of district No. 2, of Forrest county, with having intoxicating liquor in his possession. The affidavit charged before amendment, that defendant "did violate the law by having intoxicating liquor in his possession against the peace and dignity of the state of Mississippi." Before the trial, and over the objection of the defendant, the justice of the peace permitted an amendment to the affidavit so as to charge that the defendant "did violate the law by having more than one quart intoxicating liquor in his possession, against the peace and dignity of the state of Mississippi." The defendant was convicted in the justice court, appealed to the circuit court, and was again convicted, and from this conviction he prosecuted this appeal.

The facts shown by the testimony for the state are substantially as follows: The sheriff, in company with three of his deputies, having first procured a search warrant, went to the residence of the appellant for the purpose of searching for intoxicating liquor, and upon arriving there two of the deputies went to the rear of the house while the sheriff went to the front door and knocked. The appellant came out, and the sheriff told him he had a warrant to search his house and premises, whereupon the appellant told him that was all right, but he would like to have time to notify his wife before they entered. He thereupon returned to his house while the sheriff waited on the front porch. The appellant did not return, and after waiting some time the sheriff entered the house and found that the appellant had poured a quantity of whisky through a funnel and out under the house. The appellant still had a quart jar of whisky in his hand when

the sheriff entered. It further appears from the testimony of the two officers who had gone to the rear of the house that when the appellant requested that he be permitted to advise his wife of the presence of the officers and left the sheriff at the front door, he went through the house and out the back door, where he threw several jars of whisky over a fence. Some of these jars were broken, but the officers who were standing near by when he threw this whisky away recovered two quart jars which were filled with whisky and not broken. The appellant himself picked up one of the quart jars, and one of the officers the other, and it was when they went back into the house that the sheriff met the appellant with this quart of whisky in his hand.

When the state closed its testimony, the appellant made a motion to exclude the evidence for the reason that it had been obtained by means of an illegal search, and in violation of sections 23 and 26 of the Constitution. This motion was overruled, and the appellant did not introduce any testimony.

After having heard all the testimony and received the instructions of the court, the jury retired for the consideration of a verdict, and presently returned into open court with the verdict. Before accepting the verdict, the court, in the presence of the defendant and his counsel, announced that the defendant had not been arraigned, whereupon in open court, in the presence of the jury and counsel for the defendant, and over the objection of the defendant, the court arraigned him on the affidavit, and the defendant entered a plea of not guilty. The jury was then directed to return to their consultation room for further consideration of the case, and thereafter a verdict of conviction was returned, and the first assignment of error is based upon the action of the court in so arraigning the defendant.

The record discloses that, without objection to the failure to arraign him, the appellant proceeded to trial

on the charge laid in the affidavit. He was present in person and by counsel vigorously contesting every step of the trial up to the time when the court ordered an arraignment. At the conclusion of the testimony for the state a motion was made to exclude all the evidence on the theory that the search and seizure were unlawful and that the evidence had been unlawfully obtained, but no objection was then made to the failure to arraign him. A defendant may waive arraignment, either expressly or impliedly, by proceeding to trial without objection, and one who has by his assent and conduct thus impliedly joined issue with the state on an affidavit or indictment, cannot, by objection to a later arraignment, avoid a conviction. This question was settled adversely to appellant's contention in the case of *Scruggs* v. *State,* 130 Miss. 49, 93 So. 482, the court there saying that when a defendant—"expressly or impliedly joins issue with the state on the indictment and proceeds to trial without arraignment, and thereby hears the evidence and secures the chance of an acquittal by the jury, he cannot complain of the failure to arraign, because he waived it in the beginning of the trial."

The appellant next contends that, since it is not unlawful to possess homemade wine for domestic or household uses only, the affidavit charged no offense, because it does not allege that the defendant unlawfully had intoxicating liquor in his possession. The charge in the affidavit that the defendant "did violate the law" by having in his possession more than one quart of intoxicating liquors is equivalent to charging that the act was done unlawfully, and we think the affidavit sufficiently charges the offense.

Appellant next complains of the only instruction for the state for the reason that it omits the word "unlawfully." This instruction charged the jury that the defendant should be convicted if they "believed from the testimony in this case beyond a' reasonable doubt that the defendant had in his possession more than one quart of

intoxicating liquors as alleged in the affidavit.'' The
only testimony before the jury was that the defendant had
in his possession a large quantity of whisky. The posses-
sion of whisky under any circumstances is unlawful, and,
in view of the testimony before the jury in this case, the
omission of the word ''unlawful'' in this instruction is not
reversible error.

The fourth assignment of error is that the affidavit,
which originally simply charged the possession of in-
toxicating liquor, was amended in the justice court so as
to charge the possession of more than one quart of in-
toxicating liquor. The record discloses that this amend-
ment was made before the case was tried, and on timely
motion made by the county attorney. The substance of
the offense in either case is the same, and it is manifest
that the proof, as well as the defense, must be the same.
The amendment only affects the punishment which may
be imposed after conviction, and the court committed no
error in permitting this amendment.

The next assignment of error charges that the evidence
was obtained under and by virtue of void search warrant
proceedings; the contention being that the affidavit and
search warrant were illegal because, first, the warrant
was issued by a justice of the peace of district No. 3 of the
county to search premises situated in district No. 2 of the
county; second, because the search warrant was return-
able at an earlier day than five days after its issuance;
third, because the return on the search warrant showed
that the liquors seized thereunder were seized on Feb-
ruary 24, 1923, whereas the affidavit charged, and the evi-
dence showed, that the liquors which were seized and
which were admitted on the trial, were possessed on Feb-
ruary 23, 1923; and fourth, that the affidavit upon which
the search warrant is based is void for the reason that it
is made upon information and belief, and no hearing was
had by the justice of the peace to determine whether
probable cause existed for the issuance of the warrant,

134 Miss.—2.

and no facts were set forth in the affidavit showing upon what the affiant based his information and belief that intoxicating liquors were being kept by appellant so that the magistrate might determine therefrom whether probable cause existed for the issuance of the writ.

There is no merit in the contention that the search warrant was illegal because it was issued by a justice of the peace of one district for the search of premises located in another district. Section 167 of the Constitution provides that—''All civil officers shall be conservators of the peace, and shall be by law vested with ample power as such.''

Under section 2724, Code of 1906 (section 2223, Hemingway's Code), it is provided: ''The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county.''

Under section 2088, Hemingway's Code (Laws of 1908, chapter 115), it is provided: ''Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors, as described in this act, are being kept or offered for sale or barter, . . . in any room or building designated in the affidavit, it shall be the duty of any justice of the peace of the county in which the place is situated to issue a search warrant, directed to the sheriff or any constable of the county, . . . commanding him to enter the room or building designated, by breaking, if necessary, and search for and seize such liquors, . . . and hold the same until disposed of according to law.''

As conservators of the peace, with jurisdiction coextensive with the county by the express provision of this statute, it is made the duty of any justice of the peace of the county to issue the search warrant when a proper affidavit therefor is lodged with him, and under this section a justice of the peace may issue a warrant to be served in any part of his county.

The provision of the statute with reference to the return of the search warrant provides (section 2088) that it "shall be returnable at a time to be stated therein, not earlier than. five days, and a copy of the writ shall be served on the owner or claimant person in possession of such liquor."

The purpose of the statute in requiring service of the warrant on the owner of the liquor, and that it be made returnable on a day certain, not earlier than five days from its issuance, was twofold—first, to afford the owner notice of the legality of the search so that he would not resist its being done; and, second, to afford him a remedy for the recovery of the liquors seized if he should be entitled thereto. The fact that the return day fixed in this warrant was earlier than five days from its issuance could have nothing to do with the first purpose mentioned. It only had to do with the remedy of the person found in possession of the liquors for their recovery, and, in view of the fact that under the provision of chapter 189, Laws of 1918, no property rights of any kind exist in the liquors here involved, and the possession thereof under any circumstances by one who is not an officer is illegal, no right of the appellant was infringed by reason of the fact that the return day fixed in the warrant was earlier than five days from its issuance.

Finally, it is argued that section 1749, Code of 1906 (Hemingway's Code, section 2088), which provides that a search warrant for liquors kept in violation of law may be issued on "the affidavit of any credible person that he had reason to believe and does believe that any intoxicating liquors, as described in the act, are being kept or offered for sale," etc., is violative of section 23 of the Constitution, in that it does not require a showing of probable cause as a basis for the issuance of the search warrant. In the case of State v. Quintini, 76 Miss. 498, 25 So. 365, it was held that an affidavit charging a crime made upon information and belief was probable cause,

and constituted a valid charge for the arrest and trial of the person charged. In the case of *Loeb* v. *State* (No. 23468), 98 So. 449, this day decided, the question is discussed at length, and the constitutionality of the statute is upheld.

The judgment of the court below is therefore affirmed.

`                                        *Affirmed.*