WATKINS *v.* STATE.

(Division B.   Nov. 3, 1930.)

[130 So. 477.   No. 28742.]

**C. O. Jaap, Jr.**, of Jackson, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for ap-
pellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Watkins, was charged with having intoxicating liquors in his possession, and was convicted in the county court, and appealed to the circuit court, where the conviction was affirmed.

It appears that one H. E. McIntosh made an affidavit before a justice of the peace of the Fifth supervisor's district of Hinds county that "he has reason to believe, and does believe, that intoxicating liquors are being manufactured, possessed, sold, or offered for sale, or given away, in violation of law, in the dwelling house, outhouses, upon the premises, in the automobiles or other vehicles used or occupied by, and on the person of Sam Watkins at a house, first house on right-hand side leading off Woodrow Wilson Street to negro fair grounds, in said county and state, and this belief is not feigned of malice against the said Sam Watkins, but is founded on credible information in that the affiant has been informed by a credible person that such is a fact," and prays for a warrant. The search warrant was issued by the justice of the peace, being returnable before the county court on the 8th day of June, 1929, without specifying to which county court district of Hinds county the warrant was returnable.

On approaching the house of Sam Watkins, the officers having the search warrant saw a woman run from the house with a jug in her hand; one of the officers pursued her and overtook her, and took the jug from her possession and arrested her after she had gone beyond the limits of the premises. They brought the jug back to the house, and made a search of the house under the warrant, but found no other whisky. While the officers were making the search, one of the women in the house, either the defendant's wife or his mother-in-law, had a conversation over the telephone in which she stated that the officers had found liquor. Soon after this conversation Sam Watkins appeared at the house, and, finding his

mother-in-law under arrest and his wife threatened with arrest, stated to the officers that the whisky belonged to him, and that his wife was not guilty and should not be arrested.

When the search warrant and affidavit upon which it was founded was offered in evidence, the county judge first sustained the objection, but held that the arrest of the mother-in-law of the appellant was lawful, and admitted the evidence of the liquor before the jury. Before the trial ended, he reversed the first ruling, and held the search warrant legal and admitted it in evidence.

After the appellant was placed in jail, he sent for the sheriff and stated that the whisky belonged to him, and asked the sheriff if he would not take the matter before the justice of the peace and have it made as light as possible upon him. The sheriff refused to do so, or to do anything in reference to the matter.

It is urged that the search warrant is illegal because it was issued by a justice of the peace and made returnable to the county court, which is claimed to be a higher court than a justice of the peace court, and also that it is void because it was not made returnable to the county court of the First district of Hinds county which sits at Jackson, the premises searched being in the city of Jackson.

We think there is no merit in either of these contentions. The case here under review was tried upon the affidavit made in the county court of the First district of Hinds county, wherein the premises searched were situated. A justice of the peace has power to issue a search warrant and make it returnable to any court having jurisdiction to deal with the matters involved. As to misdemeanors, the county court and the justice of the peace court have concurrent original jurisdiction. We have often held that a search warrant could be issued by one justice of the peace returnable before another. There is no reason why there should be a difference in the county court and the justice of the peace court in this regard, as they each exercise original concurrent jurisdiction of

the subject-matter of all misdemeanors within their respective district. It is true the county court is given jurisdiction of appeals from a justice of the peace court, and in that regard is an appellate court, but it has original jurisdiction with a justice of the peace court for both civil and criminal matters within the jurisdiction of the justice of the peace. Furthermore, we do not see any reason why the search warrant should not be made returnable to any court that could entertain jurisdiction to try causes as to the ownership of the property searched for and seized.

The judgment of the circuit court will therefore be affirmed.

Affirmed.