HANSON *v.* STATE.

(Division B. Nov. 11, 1935.)

[164 So. 9. No. 31893.]

**F. B. Collins,** of Laurel, for appellant.

89

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Under a search warrant duly issued by a competent judicial officer, a search was made of the premises of appellant and there a large quantity of whisky and gin was

found. The liquors were seized, the appellant was arrested and placed in jail. Thereafter he gave bond and was released. He was indicted by the grand jury. Upon the trial under the indictment he was convicted, and on this appeal he contends that the search warrant was void, the search illegal, and that the evidence thereby obtained was inadmissible.

The point presented is that the search warrant was made returnable before the circuit judge. We are of opinion that the objection is not sustainable. There are two objects in making a search warrant returnable before a competent officer or court: First, that the accused may have ready opportunity to give bond if arrested under the search warrant, or to obtain a speedy trial if unable to give bond; and, second, to have a remedy for the recovery of the property seized under the search warrant, if entitled thereto. As pointed out in Bufkin v. State, 134 Miss. 1, 19, 98 So. 452, the second reason disappears, for there was no property in the liquors seized under the circumstances shown in this case. Sections 1979, 2013, Code 1930.

As to the first object or purpose, a circuit judge as conservator of the peace may fix the bond in such a case when returnable before him, or if the accused be unable to give bond, the judge may order the accused to be forthwith carried before any justice of the peace for trial. See sections 1320-1324, Code 1930. Moreover, we think this case, in principle, has already been decided in Watkins v. State, 158 Miss. 339, 130 So. 477.

This renders it unnecessary to consider the respectable line of cases which hold that the admissibility of the evidence obtained under a search warrant depends upon the authority of the officer at the time the search was made, and not upon any error or omission in respect to the return.

Affirmed.