## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 2001-CP-00416-SCT

*WILLIAM M. SPRY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2000 |
| TRIAL JUDGE: | HON. RICHARD D. BOWEN |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  W. GLENN WATTS |
| DISTRICT ATTORNEY: | JOHN YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/04/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/25/2001 |

### BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.

### PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1. William Spry ("Spry") was indicted for burglary of an occupied dwelling and two counts of aggravated assault. In exchange for the State's not pursuing a sentence of life imprisonment without parole as a habitual offender, Spry pled guilty before the Circuit Court of Alcorn County. Spry subsequently filed a petition for post-conviction relief which was denied by the Circuit Court of Alcorn County. From that denial of relief, Spry appeals to this Court. The pertinent facts in this case will be set forth in the analysis below.

### STANDARD OF REVIEW

¶2. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." *Pickett v. State*, 751 So.2d 1031, 1032 (Miss. 1999).

### DISCUSSION

### I. WHETHER SPRY'S GUILTY PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED?

### A. Whether Spry was improperly denied medication?

¶3. Spry argues that his guilty plea was not entered voluntarily because he had not been given anti-depression medication for three weeks preceding his plea and sentence. The trial court found that the

record of Spry's guilty plea hearing contradicted the unsupported assertions in his Motion for Post Conviction relief. Spry denied under oath at his plea hearing that he had been treated for any psychiatric or mental illness. The transcript clearly states:

> BY THE COURT: Within the past six months, have you been treated for any psychiatric or mental illnesses?
>
> SPRY: No, sir.

¶4. Spry offered no affidavits in support of this claim. As the record clearly contradicts Spry's allegation, the Court finds this assertion to be without merit. *See* **[Ford v. State](#)**, 708 So.2d 73, 76 (Miss. 1998); ***Smith v. State***, 636 So.2d 1220, 1224 (Miss.1994).

### B. Whether Spry's plea was involuntary due to threats?

¶5. Spry further contends that his guilty plea was involuntary because he was threatened by one of the assault victim's sons. At the hearing, Spry specifically acknowledged that he had not been threatened:

> BY THE COURT: Do you understand that at this time I am attempting to determine if the pleas of guilty which you are offering through your attorney are being made by you knowingly, freely, understandingly and voluntarily on your part?
>
> SPRY: Yes, sir.
>
> BY THE COURT: Are your pleas of guilty free and voluntary on your part, without any threats or promises having been made to you?
>
> SPRY: Yes, sir.
>
> BY THE COURT: Do you understand that by entering these pleas of guilty that you are giving up a great number of legal rights that you have as a defendant in a criminal proceeding?
>
> SPRY: Yes, sir.

¶6. This Court has set forth standards regarding guilty pleas. A guilty plea is not binding on a criminal defendant unless it is entered voluntarily and intelligently. ***Myers v. State***, 583 So.2d 174, 177 (Miss. 1991). In determining whether a plea is voluntary, we look to see if "the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." ***Wilson v. State***, 577 So.2d 394, 397 (Miss. 1991). Specifically, the defendant must be told "that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." ***Alexander v. State***, 605 So.2d 1170, 1172 (Miss. 1992) (citing **[Boykin v. Alabama](#)**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

¶7. In examining the transcript from the plea hearing, it is apparent that Spry knowingly and voluntarily entered his plea of guilty. The trial court advised Spry of his rights, including his right to a public trial by jury, the right to cross-examine any witnesses called to testify against him, his right to testify only if he personally desired to do so, and the right to refuse to testify. The court asked Spry whether he understood these rights, and Spry responded that he did. Spry answered in the affirmative when asked if he understood that a

guilty plea waived all of these rights. Spry also acknowledged knowing the maximum sentences for his crimes as well as the recommended sentence which he, in fact, received from the trial court. Further, Spry asserted that he was satisfied with the legal service and advice of his attorney. After the State disclosed all the relevant evidence and facts proving Spry's guilt, Spry did not indicate any differences with the State's account of what had occurred. After Spry pled guilty, the court found that the plea was entered into voluntarily, knowingly, and willingly.

¶8. Not only does the plea colloquy directly refute Spry's arguments, but Spry also fails to offer this Court with any evidence to support his contentions. Therefore, this Court concludes that Spry's guilty plea was valid.

## II. WHETHER SPRY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?

¶9. Spry argues that he was denied effective assistance of counsel because his attorney failed to properly investigate the charges against him and/or share the results of discovery with him. Specifically, Spry argues he was given ineffective assistance because his attorneys told him that certain witnesses he had requested be called at trial could not be found.

¶10. The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984), and is well-settled. *Strickland* requires the appellant to prove (1) that defense counsel's performance was deficient, and (2) that he was prejudiced by counsel's deficient performance. *Hansen v. State*, 649 So.2d 1256, 1259 (Miss.1994). The "defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." *Hansen*, 649 So.2d at 1258. *Accord*, *Taylor v. State*, 682 So.2d 359, 363 (Miss.1996) (defendant must prove both prongs of the *Strickland* test). "[T]his Court bases its decisions as to whether counsel's efforts were effective on the totality of the circumstances surrounding each case." *McQuarter v. State*, 574 So.2d 685, 687 (Miss.1990). This Court's scrutiny of defense counsel's performance is highly deferential. *See Hansen*, 649 So.2d at 1259.

¶11. As the trial court correctly held, the record of Spry's guilty plea hearing contradicts his unsupported claims of ineffective assistance of counsel. Defense counsel stated on the record that he had consulted with Spry and that he was ready to proceed to trial the day before Spry decided to make his plea of guilty. Spry clearly stated that he was satisfied with his legal counsel. Spry has not shown that he would not have pled guilty but for the ineffective assistance of his counsel, or that he was prejudiced by his attorney's alleged failure. Spry makes no specific allegation of what counsel's additional investigation would have revealed to aid in his defense, nor did Spry provide any affidavits describing the anticipated testimony of the uncalled witnesses. Accordingly, Spry's claim of ineffective assistance of counsel is without merit.

## III. WHETHER SPRY WAS IMPROPERLY ARRAIGNED?

¶12. Spry contests the fact that he was arraigned by the Circuit Clerk instead of by a judge. Whether this arraignment was proper or not, Spry did not object at the time and raises this issue for the first time on appeal. Without holding this arraignment invalid but assuming it is, this Court has held that arraignment may be waived when the defendant goes to trial. *Bufkin v. State*, 134 Miss. 1, 98 So. 452 (1923)**.** "A defendant may waive arraignment, either expressly or impliedly, by proceeding to trial without objection, and one who has by his assent and conduct thus impliedly joined issue with the state on an affidavit or indictment, cannot, by objection to a later arraignment, avoid a conviction." *Id***.** at 16, 98 So. at 454. This

rule is further stated in the Uniform Rules of Circuit and County Court Practice: "In all cases waiver of the reading of the indictment may be permitted if the defendant is represented by an attorney. Arraignment is deemed waived where the defendant proceeds to trial without objection." U.R.C.C.C. 8.01. Spry's attorneys were present when he pled guilty to the charges against him. At this hearing, no objection was made to the form of his earlier arraignment or lack thereof. By pleading guilty without objecting to his arraignment, Spry has waived any objection. This issue is without merit.

## CONCLUSION

¶13. Based on the reasoning contained herein, it is apparent that the trial judge did not err in dismissing Spry's Motion for Post-Conviction Relief. The judgment of the trial court is affirmed.

¶14. **DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**