### TAYLOR *v.* STATE.*

(In Banc., Dec. 22, 1024.)

[102 So.: 267-268.   No. 24212.]

1. INTOXICATING LIQUORS.  *Search warrant after date fixed therein for execution and return becomes functus officio.*

In a search warrant issued under the provisions of section 2088, Hemingway's Code, some date, within a reasonable time after the issuance of the warrant, must be fixed within which it is to be executed and returned, and after that date the warrant cannot be executed, but becomes *functus officio.*

2. CRIMINAL LAW.  *Searches and seizures.  Evidence secured by execution of search warrant after return day inadmissible.*

The execution of a search warrant after the return day thereof is illegal, and evidence secured by means of such search is inadmissible.

*Headnotes 1. Intoxicating Liquors, 33 C. J., sections 378, 383; 2. Criminal Law, 16 C. J., section 1110.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Chester Taylor was convicted of the unlawful possession of intoxicating liquors, and he appeals.   Reversed and remanded.

*A. T. L. Watkins,* for appellant.

A valid affidavit is a prerequisite to a valid search warrant.   The affidavit is absolutely void, not having in any manner complied with the law to obtain it, nor complied with the law after obtaining it.   Section 23 of the Constitution.   A writ not based on a valid affidavit is void, "Laws authorizing searches and seizures are to be strictly construed against the state." *Turner* v. *State,* 98 So. 240; *State* v. *Watson,* 98 So. 241; 54 So. 195; 50 So. 270; 23 Standard Cyc. of Procedure, 385; 150 U. S.

637; *Rose* v. *State,* 171 Ind. 663; 44 Vt. 208; *Cheek* v. *State,* 57 So. 109; *Toole* v. *State,* 54 So. 198. It was clearly held that a criminal charge in the alternative is void. 75 Miss. 24. All laws authorizing searches and seizures must be strictly construed. 25 Am. & Eng. Cyc. of Law (2 Ed.), 151-152; *Owens* v. *State,* 98 So. 240.

When a statute or section of the Constitution is expressed in general or limited terms, the lawmaker shall be intended to have meant what it has plainly expressed and consequently no room is left for construction. *U. S.* v. *Fisher,* 1 Cranch, 244; *Spears* v. *State,* 99 So. 361. If we were to admit that the officers, in this case had a valid search warrant, which we do not, then under sections 1447, 1448, Code of 1906, it was their duty to inform defendant of their mission and authority, and to be refused admittance before they might break or threaten to break into defendant's dwelling house, in the night. The behavior as testified to by state witnesses was in violation of law and an assault on defendant and his wife, and defendant was under no duty to submit. *Ezell* v. *State,* 68 So. 580, No. 4 & 5; *Cobb* v. *State,* 97 So. 779; *Tarwater* v. *State,* 75 So. 816.

The defendant being in unlawful custody, and so-called confessions were inadmissible and in violation of section 26 of our Constitution.

*F. S. Harmon,* Assistant Attorney-General, for the state.

Counsel for appellant in a lengthy brief indulges in a general discussion of the law of searches and seizures, citing *Tucker* v. *State,* and *Owens* v. *State,* and the cases controlled by these decisions. Counsel cried out against alleged grievous errors in the affidavit for the search warrant and the warrant itself, which he seems to think run directly contrary to the constitutional provisions. It is not necessary to enter into a long discussion of this point. The

court will find the affidavit for search warrant on page 1 of the record, and the search warrant itself on page 2. Both follow the standard forms which have been in constant use in Mississippi and have been repeatedly before the court. All the requisites for a valid affidavit and search warrant are satisfied in the case at bar, as the court will find from a careful reading of same.

The only respect in which the warrant is at all irregular lies in the fact that it is made returnable on the 12th day of January, 1924—the same day on which it was issued. Counsel insists that under section 2088 of the Code, providing that the search warrant ''shall be returnable at a time to be stated therein, not earlier than five days, and a copy of the writ shall be served on the owner or claimant person in possession of such liquors.'' it was fatal here to make this warrant returnable on the day on which it was issued. There is no merit in this contention. *Bufkin* v. *State,* 98 So. 452.

This completely disposes of this question, while the fact that the warrant itself was turned over to the defendant and read by him satisfies the statutory provision that a copy of the writ shall be served on the owner or person in possession.

COOK, J., delivered the opinion of the court.

The appellant, Chester Taylor, was tried and convicted in the circuit court of Perry county, on a charge of having liquor in his possession, and was sentenced to pay a fine of five hundred dollars and to serve a jail sentence of thirty days, and from this judgment he prosecuted this appeal.

The testimony upon which this conviction was based was secured by means of a search of appellant's home under a search warrant issued by a justice of the peace on January 12, 1924, and returnable the same day. The search was made four days after the return day of the

warrant, under the authority of which the search was made. When the testimony as to this search, and the results thereof, was offered by the state, it was specifically objected to, but this objection was overruled, and the admission of this testimony is assigned as error; one of the contentions of the appellant being that after the return day of the warrant it became *functus officio,* and, consequently, that any search conducted thereunder was illegal, and the testimony secured thereby inadmissible.

This precise question has not been heretofore passed upon by this court. In answer to this contention the attorney-general relies upon the case of *Bufkin* v. *State,* (Miss.), 98 So. 452, in which it was held that no right of the defendant was infringed by reason of the fact that the return day fixed in the warrant was earlier than five days from its issuance, but a very different question is presented here, where, under the authority of a search warrant, the search was made several days after the return day of the warrant. Section 2088, Hemingway's Code, provides that a search warrant shall be returnable at a time to be stated therein, not earlier than five days, and while we have held that no right of a defendant was infringed by reason of the fact that the return day fixed in the warrant was earlier than five days from its issuance, we think there are important considerations that demand that some date, within a reasonable time after the issuance of the warrant, be fixed for its return, and that it should be executed within the time within which it is, by its terms, a live process. We think it is necessary that some time shall be fixed in a search warrant for the return thereof, and that after that time it becomes *functus officio,* and cannot be executed. If the return day named in the warrant does not fix the time limit within which the warrant may be executed, and an officer may retain a warrant in his possession until four days after its return day, and then validly execute it, he may retain it four weeks or four months, or such other

time as he may desire.   We do not think that it was ever contemplated that a search warrant should be held by an officer as a weapon, to be used at his discretion.

In the case of *State* v. *Guthrie,* 90 Me. 448, 38 A. 368, the supreme court of Maine, in discussing this question, said:

"When there is named in any process, or in the law authorizing it, a time within which it is to be executed and returned, the process cannot be executed after that time, but becomes *functus officio,* except, perhaps, for return."

The search conducted under the purported authority of a search warrant, which was made after the return day of the warrant, was illegal, and consequently the evidence procured by means of the search was inadmissible.   *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377;   *Owens* v. *State,* 133 Miss. 753, 98 So. 235.

*Reversed and remanded.*