## POWELL *v.* STATE.*

(Division A.    March 21, 1927.)

[111 So. 738.    No. 26219.]

CRIMINAL LAW. *Intoxicating liquors. Search under warrant with no return day named therein held illegal and evidence procured thereby inadmissible (Hemingway's Code, section* 2088, *as amended by Laws* 1924, *chapter* 244, *section* 1).

Under Hemingway's Code, section 2088, as amended by Laws 1924, chapter 244, section 1, a search conducted under authority of search warrant in which no return day was made is illegal, and evidence procured thereby is inadmissible, since provision that warrant shall be returnable *instanter* or on day stated is mandatory, and search warrant must conform strictly to requirements of Constitution and statute under which it is issued.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 571, n. 93; Intoxicating Liquors, 33CJ, p. 681, n. 82; Searches and Seizures, 35Cyc,

p. 1267, n. 19. On admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408: 41 A. L. R. 1145.

Appeal from circuit court of Amite county.

Hon. R. L. Corban, Judge.

Jim Powell was convicted of having in his possession a distillery, and he appeals. Reversed and remanded.

*R. S. Stewart,* for appellant.

The search warrant on the date of the search contained no return date upon which a return was ordered to be made, nor did it contain the name of the officer before whom such return could or should be made. Section 1747, Code of 1906 (section 2088, Hemingway's Code) provides a simple, plain and specific course to be pursued in invading the place and premises of another by those charged with the enforcement of the prohibition laws of the state, and among its provisions we find that the search warrant shall be made returnable on a day certain, therein to be named.

In construing the right of persons to issue a search warrant under this section the court has held that only the justice of the peace taking the affidavit can issue the search warrant. *City of Jackson* v. *Howard,* 135 Miss. 102; *Porter* v. *State,* 135 Miss. 790.

A search made after the return date named in the search warrant is void, and the evidence obtained thereby is not admissible. See *Taylor* v. *State,* 137 Miss. 217. If none other than the officer taking the affidavit is authorized to issue the search warrant, if the statute under consideration is to be construed strictly against the state and in favor of the accused; and if a search after the return date actually named in the warrant is void, how can a search, made with a return date of process not being given, be upheld?

This search warrant and the manner in which it was filled out as to the return date thereof does not comply

with the statute under which it was issued, does not meet the constitutional requirement and is void.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

The affidavit for the search warrant was made and the warrant itself issued on July 9, 1926. There was no return date fixed in the body of the warrant by the justice of the peace and this date was by him left blank. The warrant was immediately executed on July 9, 1926, as is shown by the officer's return endorsed on the back thereof. Subsequently, the sheriff inserted in the body of the warrant by interlineation with a pen the date, July 24, 1926, thereby attempting to fix the return day as of that date. It is to this action of the sheriff that the defendant is here complaining and which action he insists invalidates and vitiates the search warrant.

The action of the sheriff in inserting into the body of the warrant the date for the return day was unquestionably *ultra vires* and void. The warrant, therefore, must be treated as if this interlineation had never been made by him and as if the date for the return of the warrant were blank and had remained blank to this day.

Is such a search warrant valid? The state contends that it is valid. Section 1, chapter 244, Laws of 1924, prescribes how a warrant shall be made returnable. The last paragraph in that section provides: "The writ shall be returnable *instanter* or on a day stated, and a copy shall be served on the owner or person in possession, if such person be present or readily found."

It will here be noted that it is not necessary that a day certain be fixed as the return day but that the writ may be returnable *instanter.* The state contends, therefore, that if the return day be left blank in the warrant, then the writ is returnable *instanter.* It will be observed that the writ which the court had under consideration in the Taylor case was issued on January 12, 1924,

which was before chapter 244, Laws of 1924, became effective. The law as it then read, section 2088, Hemingway's Code, required that *some date* be fixed in the warrant for the return thereof. The statement, therefore, which was made by the court in that case was merely declaratory of the law as expressed in the statute.

In the case at bar, however, we are dealing with a warrant issued under the provisions of chapter 244, Laws of 1924, which permits warrants to be issued returnable *instanter*. We submit, therefore, that in this case when the return date was by the justice of the peace left blank, the law thereupon supplied this omission by making the writ returnable *instanter*. But if we are mistaken in this contention, yet the defendant has been prejudiced in no way by this defect and is not here in a position to complain thereof. The search was made and the writ executed on the very day on which it was issued. The reasoning of the court in *Bufkin* v. *State,* 134 Miss. 1, 98 So. 452, is especially applicable here.

Coox, J., delivered the opinion of the court.

The appellant was convicted on a charge of having in his possession a distillery, and sentenced to serve a term of eighteen months in the state penitentiary, and from this conviction and sentence this appeal was prosecuted.

The testimony upon which the conviction was based was secured by means of a search of appellant's home and premises under a search warrant in which there was no date or time fixed for the execution and return thereof, and on appeal the appellant contends that this warrant was insufficient to authorize the search, and consequently that the evidence secured by the search was inadmissible.

In the cases of *Bufkin* v. *State,* 134 Miss. 1, 98 So. 452, and *Taylor* v. *State,* 137 Miss. 217, 102 So. 267, which were decided under section 2088, Hemingway's Code, which provides that a search warrant shall be returnable

at a time to be fixed therein, not earlier than five days, we held that no right of a defendant was infringed by reason of the fact that the return day fixed in the warrant was earlier than five days from its issuance, but in the Taylor case it was said that—"There are important considerations that demand that some date, within a reasonable time after the issuance of the warrant, be fixed for its return, and that it should be executed within the time within which it is, by its terms, a live process."

Section 2088, Hemingway's Code, which provides for the issuance of warrants for the search of intoxicating liquors, was amended in several respects by section 1, chapter 244, Laws of 1924, the provision for the return of search warrants being amended so as to provide that "the writ shall be returnable *instanter* or on a day stated and a copy shall be served on the owner or person in possession if such person be present or readily found," and under this section as amended, what was said in the Taylor case in reference to the necessity for a return day to be fixed in the warrant applies with equal force. The provision that the warrant "shall be returnable *instanter* or on a day stated" is mandatory, and such a warrant must conform strictly to the requirements of the Constitution and statute under which it is issued. For the state it is contended that where the return day is left blank in the warrant it should be held to be returnable *instanter,* but we do not think the law supplies this omission or that the court may construe such a warrant to be returnable *instanter.* If there is no return day named in the warrant, there is no reason why the officer may not retain it for an indefinite time awaiting a convenient occasion to execute it, and we do not think any such result was contemplated by the legislature or that a failure to obey the mandate of the statute should be construed to bring about so undesirable a result. Consequently, we hold that a search conducted under the authority of a search warrant in which no return day is named is il-

legal, and that the evidence procured by means of such search is inadmissible. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *Owens* v. *State,* 133 Miss. 753, 98 So. 235.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*