BUCKLEY *v.* STATE.*

(Division A. May 14, 1928.)

[117 So. 115. No. 27112.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93; Intoxicating Liquors, 33CJ, p. 681, n. 82; As to admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408; 41 A. L. R. 1145; 52 A. L. R. 477; 2 R. C. L. Supp. 1112; 4 R. C. L. Supp. 679; 5 R. C. L. Supp. 574; 6 R. C. L. Supp. 629; 7 R. C. L. Supp. 339.

*Livingston & Milloy,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

McGowen, J. The appellant, George Buckley, was indicted on, and convicted of, a charge of possessing intoxicating liquor. The evidence in the case, tending to

show the guilt of the appellant, was procured by virtue of a search warrant, which is alleged to be void. Upon a search of the appellant's premises, the sheriff found in a corncrib thereon a five-gallon demijohn with some three or four gallons of whisky in it. This corncrib was locked, the key of which was in the appellant's possession. The defendant denied that the whisky was his.

Pretermitting other questions involved herein, this case must be reversed, for the reason that the search warrant was based upon an affidavit dated November 20, 1926, while the warrant thereon was issued on the 20th day of November, 1927, but made returnable on the 27th day of August, 1926, and the return of the sheriff on the warrant disclosed execution on the 22d day of November, 1926. In any event, the warrant was made returnable to an impossible date.

In *Bufkin* v. *State,* 134 Miss. 1, 98 So. 452, and *Taylor* v. *State,* 137 Miss. 217, 102 So. 267, this court held that a date must be fixed within a reasonable time after the issuance of the warrant for its return, and that a warrant must be executed during the interim between the date of the issuance of the warrant and the return date thereof. These cases were decided in construction of, and with reference to, section 2088, Hemingway's Code 1917 (chapter 115, Laws of 1908), which section, since the decisions *supra* have been rendered, has been amended by section 2238, Hemingway's 1927 Code (chapter 244, Laws of 1924), the applicable part of which being in these words:

"The writ shall be returnable *instanter* or on a day stated and a copy shall be served on the owner or person in possession if such person be present or readily found."

In the case of *Powell* v. *State,* 146 Miss. 677, 112 So. 738, this court held that evidence procured by a search warrant with no return day thereon was inadmissible under section 2088, Hemingway's 1917 Code, as amended by chapter 244, section 1, Laws of 1924, in which case the search warrant referred to was returnable to a blank date.

We conclude, therefore, that a search warrant made returnable to a past date, an impossible date, is equivalent to making it returnable to a blank date, and, consequently, is void. The evidence procured by virtue of the search made under this void warrant was incompetent and its admission fatal to the state's case.

*Reversed and remanded.*