JOHNSON v. STATE.

(Division B. June 2, 1947.)

[31 So. (2d) 127. No. 36373.]

**Garth & Cassedy**, of Brookhaven and Hazlehurst, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Appellant was convicted upon evidence obtained in a search of his premises under a paper called a search warrant, no other sufficient evidence than that so obtained having been offered.

The paper, called a search warrant, after naming appellant as the person whose premises were to be searched, and setting forth a description of the premises,

which we will assume without deciding was sufficient, and that intoxicating liquors, stills, and integal parts thereof were to be searched for and seized if there found, concluded as follows:—

"And if practicable, that you bring them before Geo. Assink, Justice of the Peace, District number 5 instanter, and also arrest the said Wade Johnson and all other persons as may be in possession or control thereof, and have then and there this writ, with your proceedings noted thereon.

"Witness my hand this the 12th day of Johnson, 194—.

"Martin Walker, Justice of Peace."

There was no other date on the face of the paper, and the only words which would appear to attempt the statement of a date or dates are as above literally copied. As so stated it amounts to no more than the 12th day of blank, 194 blank, and thus was substantially undated, and being so, the warrant was returnable to a blank date and therefore was insufficient as a search warrant not only, but was void. Powell v. State, 146 Miss. 677, 111 So. 738, and Buckley v. State, 150 Miss. 808, 117 So. 115. In the latter case the Court expressly declared that a search warrant returnable to a blank date is void.

On the trial, the court permitted the warrant to be amended so as to insert therein "the 12th day of June, 1946," and it is said that the court acted under Section 1873, Code 1942, which in general terms permits the amendment of process. In Joiner v. Bank, 71 Miss. 382, 14 So. 464, it was held that this section does not permit an amendment of a process which is a nullity,—this in accord with the rule applicable to all amendments of any paper which is essential as the foundation of a challenged course of official conduct, and that rule is, that when such a paper is void, it may not be amended so as to make something out of nothing. "The primary test whether a particular defect in a process may be cured by amendment is whether the defect renders the process void or merely voidable, the latter being an amendable defect

and the former not.'' 42 Am. Jur., Process, Sec. 21, p. 22; 50 C. J., Process, Sec. 343 (2), p. 600.

If undated search warrants were allowed to be placed in the hands of officers with no date fixed therein for the reasonably early execution and return thereof, and after execution the court were allowed to insert the essential date or dates by amendment, the door to the equivalent of the odious general warrant or writ of assistance which our forefathers had so earnestly sought to close by the searchers and seizures provisions in state and federal constitutions, would be open again.

Reversed, and appellant discharged.