BUXTON v. STATE.

In Banc. Mar. 14, 1949.

(39 So. (2d) 310)

**J. M. Travis** and **J. A. McFarland**, for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Smith, J.**

Appellant was convicted of the possession of intoxicating liquors on evidence obtained under a search warrant returnable before the issuing justice of the peace on "the —— day of May, 1948."

The statute exclusively dealing with search warrants, in connection with violation of the prohibition laws, is Section 2614, Code 1942, which authorizes their granting upon the affidavit of any credible person that he has reason to believe and does believe that certain criminal acts with reference to intoxicating liquors are being committed at a designated place. This statute concludes with the specific mandatory provision: "The writ shall

be returnable instanter or on a day stated and a copy shall be served on the owner or person in possession if such person be present or readily found."

It will at once be noted that the search warrant in this case was not returnable "instanter or on a day stated", but on an unstated day in May 1948. The effect of such a predicament has been heretofore considered and adjudicated by us. In the case of Powell v. State, 146 Miss. 677, 111 So. 738, we said: "The provision that the warrant 'shall be returnable instanter or on a day stated' is mandatory, and such a warrant must conform strictly to the requirements of the Constitution and statute under which it is issued. For the state it is contended that where the return day is left blank in the warrant it should be held to be returnable instanter, but we do not think the law supplies this omission or that the court may construe such a warrant to be returnable instanter. If there is no return day named in the warrant, there is no reason why the officer may not retain it for an indefinite time awaiting a convenient occasion to execute it, and we do not think any such result was contemplated by the Legislature or that a failure to obey the mandate of the statute should be construed to bring about so undesirable a result. Consequently, we hold that a search conducted under the authority of a search warrant in which no return day is named is illegal, and that the evidence procured by means of such search is inadmissible. Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377 ; Owens v. State, 133 Miss. 753, 98 So. [233], 235."

Another aspect of the matter was before us in a more recent case where the search warrant contained no date other than the "12th day of Johnson, 194—", and we held the search warrant was void, and could not be amended, since Section 1873, Code 1942, denied the right of amendment of any defect, which rendered the process void. Johnson v. State, 202 Miss. 233, 31 So. 2d 127. In our opinion there we cited with approval the Powell case,

supra, and Buckley v. State, 150 Miss. 808, 117 So. 115. We also construed and discussed said Section 1873.

The Attorney General concedes that the search warrant in the case at bar was void because of the insufficient return date, on the authority of the Powell case.

The further contention is made by appellant that there was no such service of process in the instant case as is authorized by Section 1859, Code 1942, which directs that "The summons from every court shall be served in one of the following modes", and then sets them out in detail. However, it is not necessary to discuss that argument. Section 2614 is the exclusive statute dealing with search warrants in intoxicating liquor crimes, as stated. It prescribes that "a copy shall be served on the owner or person in possession if such person be present or readily found." We go no further than to call attention to this proviso of the special statute with which we are presently concerned. More explicit or precise decision on that exact question is not required by the record before us.

Inasmuch as the evidence against appellant was obtained by means of a void search warrant, it was inadmissible, and his conviction must be reversed, and he discharged.

Reversed and appellant discharged.