# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01089-SCT

*JOHN HENRY WALLACE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/96 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | PHILIP WEINBERG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J. , SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

This is a civil appeal from the dismissal of a motion to vacate judgment in cause number 8865 filed pursuant to the Mississippi Post-Conviction Relief Act. The Grand Jury of Coahoma County, Mississippi, on December 13, 1995, returned a multiple count indictment with Count II charging Wallace with conspiracy to rob, and Count III charging Wallace with robbery. Count I of the indictment only charged an alleged co-conspirator with the crime of capital murder. The other two counts of the indictment charged other people jointly with Wallace. Each count described the crime with which Wallace was charged and then had the words "against the peace and dignity of the State of Mississippi". After the last count was concluded with the mandated language, the indictment contained the signature of the grand jury foremen who made the affidavit that at least twelve of the members of the grand jury concurred out of at least fifteen who were present during the deliberations. Wallace entered pleas of guilty to count II, conspiracy to rob, and count III, robbery,

as set forth in the indictment.

Both guilty pleas were accepted by the circuit court on December 20, 1995 as intelligently, understandingly, freely and voluntarily made. The Court, upon the recommendation of the State as part of a plea agreement, sentenced Wallace to five years for the crime of conspiracy and five years for the crime of robbery to run concurrent with the sentence imposed for conspiracy. The judgments were entered on December 21, 1995.

After acceptance by the circuit court of both guilty pleas, one to conspiracy and the other to robbery, Wallace filed a Motion To Vacate Judgment of Conviction and Sentence on July 26,1996. Wallace based this motion on an allegedly defective indictment since it did not conclude with the constitutionally mandated language "against the peace and dignity of the State of Mississippi". The Circuit Court of Coahoma County, Mississippi denied the motion by Order dated August 26, 1996 based on the finding that the pleadings of petitioner were frivolous and without merit. The circuit court specifically found that each count of the indictment concluded with the required language "against the peace and dignity of the State of Mississippi". The circuit court also noted that Wallace's pleadings "appear to be merely a copy of post-conviction pleadings filed by other inmates." It is from this Order of August 26, 1996, that Wallace filed his notice of appeal on October 2, 1996. However, the notice incorrectly states that Wallace was convicted for the crimes of accessory to murder and robbery instead of conspiracy to rob and robbery.

## STATEMENT OF THE LAW

### I.

### WHETHER THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION?

Wallace argues that the trial court did not have subject matter jurisdiction to convict or sentence him for the charged offenses. He bases this argument solely on the alleged fact that the indictment was defective, and therefore he was not first formally charged. However, the indictment did provide Wallace with actual notice, it complies with Rule 7.09 of Uniform Circuit and County Court Rules, and therefore is sufficient to charge Wallace with the crime. *See **Reining v. State***, 606 So. 2d 1098 (Miss. 1992). This same jurisdictional argument was disposed of by this Court when it stated, "[the appellant] has made no showing the indictments were defective, but assuming they were, any defects were clearly non-jurisdictional in nature." ***Brooks v. State***, 573 So. 2d 1350, 1354 (Miss. 1990).

Subject matter jurisdiction concerns the power belonging to a court allowing it to hear and determine a certain class of cases. This case has been appealed from the Circuit Court of Coahoma County. Article 6, section 156 of the Mississippi Constitution provides that "[t]he circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law." The Circuit Court of Coahoma County clearly has jurisdiction for matters of a criminal nature. Therefore, in this criminal suit, Wallace's challenge to the trial court's subject matter jurisdiction is without merit.

### II.

### WAS WALLACE DENIED DUE PROCESS DUE TO A DEFECTIVE INDICTMENT

**WHEN THE GRAND JURY FOREMAN SIGNED THE INDICTMENT BELOW THE WORDS "AGAINST THE PEACE AND DIGNITY OF THE STATE OF MISSISSIPPI?**

The state correctly asserts that this claim is procedurally barred because it was not first contested in the trial court either before or during Wallace's pleas of guilty. This Court has held that "[a] valid guilty plea, . . . admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." ***Brooks***, 573 So. 2d at1352. The ***Brooks*** Court further explained that Section 99-39-21(1) of the post-conviction relief act is applicable. This Section provides:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1) (1994). The general rule is that issues not raised at trial and/or on direct appeal are waived and are procedurally barred and may not be considered collaterally in a post-conviction environment.

Wallace failed to demur to the indictment, entered his guilty pleas and was lawfully sentenced. Therefore, his claim now, on a motion for post-conviction relief, is too late and is procedurally barred. The only argument that Wallace presents in support that his claim should be an exception to the waiver rule is that he was denied both a fundamental and Constitutional right to a fair trial because the grand jury did not properly return an indictment subject to proper due process. However, this Court held in ***Brandau v. State***, 662 So. 2d 1051 (Miss. 1995), that the issue as to whether there is a valid indictment does not touch on a fundamental right. In ***Brandau,*** the appellant argued that his indictments were fatally flawed and void because they did not conclude with the constitutionally required words, "against the peace and dignity of the State of Mississippi." However, the appellant did not raise the issue at trial, and thus the issue was procedurally barred for review by this Court. The Court stated:

> The mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a "fundamental right." The Constitution is replete with examples of this rule via this Court's interpretations. The privilege against self-incrimination is constitutional, but it is subject to waiver for failure to object. The right to the assistance of counsel is certainly constitutional, but it is subject to waiver for failure to object. The right of compulsory process for obtaining witnesses to testify for an accused is constitutional, but it too is subject to waiver for failure to object.

***Id.*** at 1054 (citations omitted). The Court further held that when a formal defect in an indictment is curable by amendment, such a defect is subject to waiver for failure to object. ***Id***. at 1055. Since the question as to the validity of Wallace's indictment does not touch a fundamental right, and since such a defect is subject to amendment, failure to object at trial effectively waived the issue.

Notwithstanding the procedural bar, the merit of Wallace's contention that the indictment was fatally defective will be addressed. "Section 169 of the Mississippi Constitution of 1890 clearly states that a

criminal indictment must "**conclude** 'against the peace and dignity of the state.'" *McNeal v. State*, 658 So. 2d 1345, 1350 (Miss. 1995) (emphasis in original). Challenges to indictments not concluding with the constitutionally required words "against the peace and dignity of the State of Mississippi," have been sustained since the first recorded challenge in 1891 in *Love v. State*, 8 So. 465 (Miss. 1891). When interpreting this constitutional language the *Love* Court stated, "[w]e must believe that the provision we are considering means that all indictments and informations, and *affidavits* upon which criminal prosecutions are based, must conclude 'against the peace and dignity of the state of Mississippi.'" *Id.* at 465 (emphasis added). In *McNeal v. State*, this Court held that the portion of the indictment which established the habitual criminal status is void where it came after the mandated language which concluded the charging portion of the indictment. *McNeal.* 658 So. 2d at 1348-51.

Wallace also heavily relies on Uniform Circuit and County Court Rule 7.06. This rule explains what an indictment must include. The last two items state:

> 6. The signature of the foreman of the grand jury issuing it; and

> 7. The words "against the peace and dignity of the state."

URCCC 7.06. Although there is no mention in the rule itself requiring that #6 must precede #7, Wallace argues that the rule does detail what order each item should follow because to say otherwise would imply that #7 could precede the other six requirements which would go against the mandate of the Mississippi Constitution. In addition, Wallace cites to *McNeal* when this Court stated, "[t]his is not an instance where this Court can argue semantics. The word 'conclude' is neither ambiguous nor vague. It simply means 'to bring to an end.' Webster's New Collegiate Dictionary (1974). " *McNeal*, 658 So. 2d at 1350.

This Court holds that just the substantive part of the indictment must conclude with the constitutionally required language and not the foreman's signature.

Even if this indictment was defective, it does not follow that the indictment is **fatally** defective. As explained by this Court, "'[t]he primary test whether a particular defect in a process may be cured by amendment is whether the defect renders the process void or merely voidable, the latter being an amendable defect and the former not.' 42 Am.Jur., Process, Sec. 21, p. 22; 50 C.J., Process, Sec. 343(2), p. 600." *Johnson v. State*, 202 Miss. 233, 236, 31 So.2d 127, 128 (1947). The defect alleged here is a formal one that may be cured by amendment since it only renders the process voidable. The signature of the foreman of the grand jury is merely an attestation of the act of the grand jury. *United States v. Cox*, 342 F.2d 167, 171-72 (5th Cir. 1965). This Court upheld the trial court when the trial court overruled the defendant's demurrer to the indictment because it was not accompanied by the foreman's affidavit. *McCormick v. State*, 377 So. 2d 1070, 1074 (Miss. 1979). This Court explained that the record reflected the entire grand jury was before the court and there was no prejudice to the defendant. *Id.* at 1074. Also, in *Brooks v. State*, the defendant asserted that his indictments were fatally defective because the record did not identify them as the indictments returned by the grand jury of Lowndes County and they were not accompanied by the affidavit of the grand jury foreman. *Brooks*, 573 So. 2d at 1353-54. Although the Court held the claim was procedurally barred, this Court stated, "Moreover, it is not at all clear that Brooks would have been entitled to relief even if these claims had been timely asserted. This is because the indictments charging Brooks with various and sundry offenses were each signed by the foreman of the grand jury and marked 'filed' by the

circuit [court] . . . ." ***Id.*** at 1354. It follows that if an indictment is not fatally defective when the affidavit and signature of the grand jury foreman is not even on the face of the indictment, then having it appear after the words "against the peace and dignity of the State of Mississippi" is also not fatally defective.

## III.

### WHETHER WALLACE'S GUILTY PLEAS WERE INVOLUNTARY BASED ON PLAIN ERROR?

Wallace throughout his brief and his reply brief asserts that he was not guilty and he feels that he was unfairly imprisoned simply because of his illiterate state and lack of knowledge of the law. He alleges that his appointed lawyer told him that he was going to get two life sentences if he did not "flea bargain" and deduced his lawyer as saying "flea bargain" as opposed to "plea bargain" and because he was so frightened by what he was told that he just decided to do whatever he was told. He asserts that he is crippled, over seventy years old, has never been in trouble with the law and cannot read or write. The writer of his brief argues that this Court should take judicial notice to the contended probability that Wallace did not knowingly and intelligently enter a plea of guilty as he was manipulated by his counsel to participate in an arrangement far beyond his comprehension.

The issue of an alleged involuntary plea was not presented to the circuit court in Wallace's motion for post-conviction relief nor argued by the State in its brief, but instead is presented for the first time in his brief. This Court has stated, "[a]n assignment of error may not be raised for the first time on appeal." ***Berdin v. State***, 648 So. 2d 73, 80 (Miss. 1994) (*citing **Collins v. State***, 594 So. 2d 29, 35 (Miss. 1992)). Although it is not proper for this Court to decide findings of fact this Court may assert the plain error rule. Rule 28(a)(3) of the Mississippi Rules of Appellate Procedure states:

> (3) Statement of Issues. A statement shall identify the issues presented for review. No separate assignment of errors shall be filed. Each issue presented for review shall be separately numbered in the statement. No issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified.

Miss.R.App.P. 28(a)(3). The primary purpose of the plain error rule is to prevent a manifest miscarriage of justice. ***Bell v. State***, 443 So. 2d 16, 18 (Miss. 1983). There is however nothing in the record that stands out that compels this Court to determine there was plain error.

## CONCLUSION

Wallace 's claim that the Circuit Court of Coahoma County was without jurisdiction is totally devoid of any merit. His claim that his indictment was defective is procedurally barred and does not fall within any exceptions. Furthermore, even if this Court did determine, which it did not, that the indictment is defective, it is not fatal because it could be cured by amendment since it is a defect as to form and not as to substance. Consequently, this Court affirms the lower court's denial of Wallace's motion for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR. SMITH, J., CONCURS IN RESULT ONLY.**