# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-IA-00280-SCT

*MISSISSIPPI DEPARTMENT OF*
*TRANSPORTATION AND MISSISSIPPI*
*TRANSPORTATION COMMISSION*

*v.*

*PRESLEY Y. NOSEF INDIVIDUALLY AND ON*
*BEHALF OF ALL WRONGFUL DEATH*
*BENEFICIARIES OF A. J. COWART*


| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2012 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ROY JEFFERSON ALLEN |
| ATTORNEY FOR APPELLEE: | ANDREW M. W. WESTERFIELD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/04/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Before the Court is the interlocutory appeal of the Mississippi Department of Transportation, et al. ("MDOT") of the Coahoma County Circuit Court's denial of MDOT's motion for summary judgment in a wrongful-death action filed by the wrongful-death beneficiaries of A. J. Cowart ("Nosef").

¶2.     In August 2007, Cowart pulled his 2004 Buick LeSabre onto the shoulder of Highway No. 1 in Coahoma County. He drove into an unmarked culvert, and his car flipped over. Cowart was taken to the hospital, became paralyzed five days later, and died in January 2008.

¶3.     Nosef filed this action against MDOT, claiming that MDOT's failure to place warning signs around a highway culvert, as required by Mississippi Code Section 65-21-1, resulted in an automobile accident that caused Cowart's death. MDOT moved for summary judgment on the basis that it was immune from liability under the Mississippi Tort Claims Act, because subsequently enacted statutes supercede Section 65-21-1 and provide that the placement or nonplacement of traffic devices is discretionary. The circuit court denied MDOT's motion, finding that Section 65-21-1 imposes a ministerial duty to place warning signs around highway culverts, and that Section 65-21-1 has not been abrogated or repealed. We agree and affirm the Coahoma County Circuit Court's denial of summary judgment.

## ISSUE

¶4.     Whether the trial court erred by finding that MDOT is not immune from liability under the Mississippi Tort Claims Act, because a Mississippi statute imposes a ministerial duty to place warning posts around highway culverts, and subsequent statutes do not render that duty discretionary.

## DISCUSSION

¶5.     "The standard of review for the grant or denial of a motion for summary judgment is de novo." *Ladnier v. Hester*, 98 So. 3d 1025, 1027-28 (Miss. 2012) (citation omitted).

2

¶6.     MDOT claims that it is immune from liability under the Mississippi Torts Claim Act

("MTCA") for claims based on its failure to place warning posts around the highway culvert.

The MTCA provides that:

> [a] governmental entity . . . shall not be liable for any claim . . . [b]ased upon the exercise or performance or the failure to exercise or perform a **discretionary function or duty** on the part of a governmental entity or employee thereof, whether or not the discretion be abused . . . .

Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2002) (emphasis added). We have explained that:

> A duty or an activity is <u>discretionary</u> if "it is not imposed by law and depends upon the judgment or choice of the government entity or its employee." A <u>ministerial</u> function is one "positively imposed by law and required to be performed at a specific time and place, removing an officer's or entity's choice or judgment."

***Pratt v. Gulfport-Biloxi Reg'l Airport Auth.***, 97 So. 3d 68, 72 (Miss. 2012) (emphasis

added) (citations omitted). Thus, MDOT is immune under the MTCA if its duty to place

warnings around the highway culvert is discretionary – *i.e.*, "it is not imposed by law and

depends upon the judgment or choice of [MDOT.]"

¶7.     Whether the duty to place warnings around highway culverts is ministerial or

discretionary hinges on which statute controls the placement of such warnings. Section 65-

21-1[1] provides that:

> **All culverts hereafter built, rebuilt, or placed in any public road in this state** shall be not less than the full width of the crown of the roadway, and

---

[1]The unofficial headings composed by the publisher for Section 65-21-1 are: "Highways, Bridges and Ferries" (Title 65); "Bridges: General Provisions" (Chapter 21); and "Width of bridges and culverts" (Section 1). 14 Mississippi Code 1972 xii, 1, 480 (Lexis Law Publishing 2012).

**shall have <u>guide or warning posts</u> on either side**. All bridges hereafter built, rebuilt, or placed in any public road of this state shall be built the full width of the crown of the roadway where the same is sixteen feet wide or less, and on roads having a greater width than sixteen feet the bridges shall be not less than sixteen feet wide; and all bridges hereafter built or rebuilt shall be built with banisters on either side. This section shall not apply to temporary bridges and culverts on detours; and all public highways in this state within the area of, or contingent to, any national reforestation project, which have been or may be taken over, constructed, or reconstructed by this department of the national government, may have bridges or culverts the width of said highways, but not less than twelve feet.

Miss. Code Ann. § 65-21-1 (Rev. 2012) (emphasis added). The requirement that "[a]ll culverts . . . <u>shall</u> have guide or warning posts" gives MDOT no choice or judgment regarding whether to place warning signs around a highway culvert; it imposes a ministerial duty. Miss. Code Ann. § 65-21-1 (emphasis added); *see **Barr v. Hancock County***, 950 So. 2d 254, 258 (Miss. 2007) ("the placement of a warning sign at the culvert would be considered a ministerial function, as set forth in Mississippi Code Annotated Section 65-21-1"); ***Mohundro v. Alcorn County***, 675 So. 2d 848, 854 (Miss. 1996) ("[t]he minimum requirements of the construction of culverts is specified in Miss. Code Ann. § 65-21-1 leaving no room for discretion in meeting the minimum standards set out there").

¶8.    MDOT does not dispute that the language of Section 65-21-1 requires warning posts to be placed around highway culverts. Rather, MDOT claims that Section 65-21-1 has been abrogated by Sections 63-3-301 and 63-3-303, which were enacted after Section 65-21-1 and

4

impose only a discretionary duty to place and maintain traffic-control devices. Section 63-3-303[2] provides that:

> The commissioner of public safety and the state highway commission shall place and maintain such **traffic-control devices** conforming to its manual and specifications,[3] **upon all state and county highways as it shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic**.

Miss. Code Ann. § 63-3-303 (Rev. 2004) (emphasis added). The language "as it shall deem necessary" makes whether to place warning devices dependent upon the judgment or choice of the Mississippi Transportation Commission – a discretionary function. Miss. Code Ann. § 63-3-303 (emphasis added). Thus, Section 65-21-1 imposes a specific ministerial duty to place warning posts around highway culverts, while the later-enacted Section 63-3-303 imposes a general, discretionary duty to place traffic-control devices on highways.

---

[2]The unofficial headings composed by the publisher for Section 63-3-303 are: "Motor Vehicles and Traffic Regulations" (Title 63); "Traffic Regulations and Rules of the Road" (Chapter 3); and "Placing and maintaining of traffic-control devices upon state and county highways; placement of devices upon such highways by local authorities" (Section 303). 13A Mississippi Code 1972 xii, 331, 422 (Lexis Law Publishing 2012).

[3]Mississippi Code Section 63-3-301 reads as follows:

The commissioner of public safety shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state. Such uniform system shall correlate with and so far as possible conform to the system then current as approved by the American Association of State Highway Officials.

Miss. Code Ann. § 63-3-301 (Rev. 2004).

¶9.     As Sections 63-3-301 and 63-3-303 include no language suggesting abrogation or repeal of Section 65-21-1, we hold that Section 65-21-1 – narrowly, precisely, and specifically requiring warning posts around culverts – remains in effect as an exception to the general rule of Section 63-3-303 that MDOT has discretion over the placement of traffic devices. Miss. Code Ann. §§ 63-3-301, 63-3-303. We have provided that:

> where a general statute, if standing alone, would include the same subject matter as a special statute, the special statute will ordinarily be regarded as a qualification of the general statute.

*Townes v. Rusty Ellis Builder, Inc.*, 98 So. 3d 1046, 1052 (Miss. 2012) (quoting *McCullen v. State ex rel. Alexander*, 217 Miss. 256, 63 So. 2d 856, 859 (1953)). The United States Supreme Court similarly has explained that:

> [i]t is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum. "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."

*Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S. Ct. 1989, 1992-93 (1976) (citation omitted). Accordingly, we hold that Section 65-21-1 controls the specific issue of guide and warning posts around highway culverts, and Section 63-3-303 controls the discretionary placement of traffic devices that are not the subject of a specific statutory mandate. Thus, MDOT had a ministerial duty to place warning posts around the highway culvert at issue, and is not immune from liability under the MTCA for claims based on its failure to perform that duty.

## CONCLUSION

6

¶10.   MDOT is not immune from liability for claims based on its failure to perform the ministerial duty of placing warning posts around highway culverts. The Coahoma County Circuit Court properly denied MDOT's motion for summary judgment.

¶11.   **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR**.