# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-00592-SCT

***STATE OF MISSISSIPPI, EX REL. MISSISSIPPI
BUREAU OF NARCOTICS***

***v.***

***BOBBY RAY CANADA AND BEVERLY TURMAN***

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2014 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS, JR. |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PELECIA EVERETT HALL |
| ATTORNEYS FOR APPELLEES: | JA'NEKIA WA'LEXIAS MONIQUE BARTON |
| | W. ELLIS PITTMAN |
| | WILBERT L. JOHNSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/04/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., PIERCE AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. Appellant Mississippi Bureau of Narcotics (hereinafter "the State") had a search warrant signed and executed at the home of Bobby Ray Canada and Beverly Turman. Section one of the search warrant, denoting the location for the search to be executed, was completely blank. The State collected, among other things, $293,720 from the home, and the State then filed a civil forfeiture action. Canada and Turman filed a summary judgment motion, arguing that the search warrant was blank and void, and therefore, the search violated their Fourth

Amendment Rights. The trial judge granted the summary judgment motion. The State appealed. We hold the summary judgment motion to be well taken and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. The State had a search warrant signed by Justice Court Judge Joe M. Brown during the night of August 15, 2013. Both parties agree that the search warrant is completely blank under section one, denoting the location for the search to be executed. The search warrant was executed on August 16, 2013, at 12:10 a.m. by Agent Andrew Stringer. Agent Stringer filled out a report containing the date, the time, and the name of the person occupying the place during the search – Beverly Turman. The report further stated that Agent Stringer had searched the location contained in the search warrant and had found a "bulk of US currency" and a revolver. Agent Stringer then filled out, but failed to sign, a second report stating that during the same search he also confiscated "misc. documents," ".357 Magnum ammo," and "storage bags." The money confiscated totaled $293,720.

¶3. The State filed a civil forfeiture action on August 27, 2013, alleging that the money and the rifle were seized lawfully under Mississippi Code Section 41-29-153(b) and that the described property should be forfeited. The owners of the property, Canada and Turman, filed an answer and a motion for summary judgment, alleging that the search warrant was void, and therefore, the search was illegal. The State responded, arguing that the proceedings should be stayed because the affidavit and the underlying facts and circumstances sheet, listing the location of the search, were sealed by the State for other investigations, and they were needed to show the validity of the search warrant in the instant case. The State alleged

2

that Judge Brown had seen and signed the affidavit and the underlying facts and circumstances sheet when he signed the search warrant. After the search warrant was signed – but before the search warrant was executed – both documents were sealed.

¶4. The trial judge denied the motion to stay the proceedings and set a hearing for Canada's and Turman's summary judgment motion on December 11, 2013. At the hearing, the State had the affidavit and the underlying facts and circumstances sheet unsealed for the trial judge's benefit. The trial judge entered an order granting the motion for summary judgment on March 3, 2014. The State filed a motion for reconsideration, and it was denied. The State appealed.

## ISSUES

¶5. The State argues that the trial judge erroneously granted summary judgment in favor of Canada and Turman. The argument is divided into two issues concerning whether the warrant was valid and enforceable and whether the good faith exception applies. We adopt the two issues, and because the State failed to provide sufficient evidence in the appellate record, we add an additional issue.

(1) **Whether the State failed to meet its duty to provide sufficient evidence in the appellate record.**

(2) **Whether the search warrant was valid and enforceable.**

(3) **Whether the good faith exception applies.**

## STANDARD OF REVIEW

¶6. The standard of review for a grant or denial of a summary judgment motion is *de novo*. ***Mississippi Dep't of Transp. v. Nosef ex. rel. Cowart***, 110 So. 3d 317, 318 (Miss.

3

2013). "Summary judgment is proper if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *City of Jackson v. Gardner*, 108 So. 3d 927, 928 (Miss. 2013); *see also* Miss. R. Civ. P. 56(c). The Court views the evidence in the light most favorable to the nonmovant. *Gardner*, 108 So. 3d at 928.

## ANALYSIS

**(1)    Whether the State failed to meet its duty to provide sufficient evidence in the appellate record.**

¶7.    The State concedes that section one of the warrant was completely blank, but it claims that the warrant was valid and enforceable due to the doctrine of incorporation by reference. *See Hamilton v. State*, 556 So. 2d 685 (Miss. 1990). The State argues that the warrant's defect was cured by the incorporation of the affidavit and underlying facts and circumstances sheet. Canada and Turman argue that the warrant is void on its face because it does not include the location for the execution of the search warrant and that neither the alleged affidavit, containing the address of the search, nor the underlying facts and circumstances sheet was served on Canada or Turman.

¶8.    The State's argument hinges on the incorporation of the affidavit and the underlying facts and circumstances sheet. Yet the record before the Court contains neither the affidavit nor the underlying facts and circumstances sheet. In effect, the State has asked us to make a ruling on something that has not even been presented to us.

¶9.    It is well established that the appellant has "the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal." *Oakwood Homes Corp. v. Randall*, 824 So. 2d 1292, 1293 (Miss. 2002). The Court has further stated that:

4

> It is the appellant's duty to see that all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth, are included in the record, and he may not complain of his own failure in that regard. The Supreme Court may only act on the record presented to it. ***Shelton v. Kindred***, 279 So. 2d 642, 644 (Miss. 1973). There are adequate procedures and safeguards to assure that incorrect or incomplete records are remedied. The appellant has failed to place the necessary record pertaining to this assignment of error before us, and we are therefore unable to consider it.

***Randall***, 824 So. 2d at 1293-94 (Miss. 2002) (quoting ***Branch v. State***, 347 So. 2d 957, 958-59 (Miss. 1977)). Even without getting to the merits of the argument, we cannot hold a warrant to be valid and enforceable when the affidavit and the underlying facts and circumstances sheet, that the State argues ensures the warrant's validity, are not contained in the record before us. The State has failed to meet its duty. However, for the sake of conclusiveness and clarity, we will consider the merits of the State's argument.

### (2) Whether the search warrant was valid and enforceable.

¶10. The Mississippi Constitution, Article 3, Section 23, reads:

> The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.

Miss. Const. art. 3, § 23. The Fourth Amendment to the United States Constitution reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Based on a plain reading of both the Mississippi and United States Constitutions, the State's case fails; the warrant is void and unenforceable on its face.

5

¶11. Further, in *Miller v. State*, 93 So. 2 (Miss. 1922), the Court faced a similar issue where one section of a search warrant was completely blank. In *Miller*, the search warrant was blank as to the name of the person to be searched and the place to be searched at the time of its execution. *Id.* at 2. After the warrant was executed, the proper person and place was filled in on the warrant. The Court held that "[a] blank warrant or a blank affidavit amounts to nothing." *Id*.; *see also* *Buxton v. State*, 39 So. 2d 310, 311 (1949) ("[W]e hold that a search conducted under the authority of a search warrant in which no return day is named is illegal, and that the evidence procured by means of such search is inadmissible.").

¶12. Given the plain language of the constitutions and the strong precedent upholding the constitutions, we hold the warrant at issue to be invalid because section one of the warrant is completely blank. However, in spite of the ample precedent against the State, it argues, citing *Hamilton v. State*, 556 So. 2d 685 (Miss. 1990), that incorporation by reference to the affidavit and the underlying facts and circumstances sheet cures a search warrant's incorrect description of the place to be searched. We hold the State's argument is misguided, but we think it important to explain fully what distinguishes the instant case from *Hamilton*.

¶13. In *Hamilton*, the search warrant and the affidavit contained a description of the residence to be searched; they just failed to set forth the correct description. *Id.* at 688. The search warrant and the affidavit, which were incorporated by reference and made part of the underlying facts and circumstances sheet, described the property to be searched as a two-story building on Hamilton's property. *Id.* at 688. When the officers arrived and knocked on the two-story building, Hamilton came to his door – a different, one-story building – and

the officers then moved buildings, served Hamilton the warrant, and searched the one-story building. *Id.* at 688-89. Hamilton brought suit, arguing that the search warrant was void and the evidence should be suppressed. *Id.* at 687-88.

¶14. The *Hamilton* Court denied the motion to suppress. *Id.* at 689. It acknowledged that there was room for mistakes where the mistakes are "those of reasonable men, acting on facts leading sensibly to their conclusions of probability." *Id.* (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). The Court also acknowledged that "where the officers not only could, but did, locate the property by means of the *description given in the warrant*, that factor is evidence that the legal description is sufficient." *Id.* (emphasis added). It then held:

> We are of the opinion that the affidavit and search warrant, both of which incorporated by reference and made a part of the instruments the underlying facts and circumstances sheet, sufficiently directed the officers to appellant's premises where they found him in his residence, executed the warrant and discovered marijuana. Therefore, the lower court was not in error when it denied a motion to suppress the evidence found in the search, after a full and complete hearing.

*Id.* at 690.

¶15. In the instant case, in arguing incorporation by reference, the State focuses on the fact that the officer who executed the warrant, Agent Stringer, had seen the affidavit and the underlying facts and circumstances sheet when Judge Brown signed the warrant. However, under *Hamilton*, incorporation does not attach simply by claiming that the executing officer had the benefit of the affidavit or the underlying facts and circumstances sheet at the time the warrant was signed. The Court stated:

> In determining whether the description given the executing officer was sufficiently detailed, it is of course important initially to examine the

7

description which appears in the warrant itself. However, if that description is inadequate, it is appropriate to look to the description appearing in the warrant application or affidavit if it is clear that the executing officers were in a position to be aided by these documents, as where they were attached to the warrant *at the time of execution* and *incorporated therein by reference*.

*Hamilton*, 556 So. 2d at 688 (quoting 2 LaFave, *Search and Seizure, A Treatise on the Fourth Amendment*, 4.5(a), 209 (2d ed. 1987)) (emphasis added). *Hamilton* makes it clear that the supporting documents must be incorporated by reference *and* attached at the time the warrant is executed, meaning the time the residence is searched.

¶16. In the instant case, both parties agree that the underlying facts and circumstances sheet and the affidavit were sealed at the time of the search and were not attached to the warrant. Moreover, in section five, the warrant mentions the underlying facts and circumstances sheet, but it fails to state specifically that the sheet is "attached hereto[,] made a part hereof[,] and adopted herein by reference," as the warrant in *Hamilton* stated. *Hamilton*, 556 So. 2d at 686. Outside of the incorporation argument, the facts of *Hamilton* also are distinguishable from the instant case. In the instant case, section one of the search warrant was completely blank, as opposed to the search warrant in *Hamilton* which contained an incorrect or inadequate description of the place to searched. *Id.* at 688-89. Thus, the State's reliance on *Hamilton* is misguided, and the State's incorporation by reference argument fails.

**(3) Whether the good faith exception applies.**

¶17. The State characterizes the warrant as containing a "technical error" and argues that the good faith exception applies because no officer engaged in willful violation of the Fourth Amendment. Canada and Turman argue the good faith exception does not apply.

¶18. The United States Supreme Court, in *United States v. Leon*, 468 U.S. 897 (1984), put forth a "good faith exception," wherein, even when a warrant is invalid under the Fourth Amendment, officers acting in good faith reliance on the warrant should not be penalized for a magistrate's error. The *Leon* Court limited its holding by stating that an officer must act with objective reasonableness. *Id.* at 922. Thus, application of the good faith exception is based on a case-by-case analysis, and the exclusionary rule still may apply under the facts of certain cases. *Id.* at 918.

¶19. In determining whether the facts of a case justify application of the good faith exception, the *Leon* Court stated: "Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to *particularize* the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* at 923 (emphasis added). In the instant case, section one of the warrant is completely blank. A warrant with a blank section cannot even rise to the level of "failing to particularize" a place. It is clearly, facially defective, and the whole premise of the good faith exception would be negated if we were to find the exception applies. Thus, we hold that the good faith exception does not apply, and the instant issue is, therefore, moot.

## CONCLUSION

¶20. Neither party disputes that the State had a duty to, but failed to, provide a sufficient record for our review. However, even if the State had provided a sufficient record, because it is undisputed that section one of the warrant is completely blank, we hold the warrant to

be invalid, and we hold the good faith exception inapplicable to the instant facts. The judgment of the trial court is affirmed.

¶21. **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.**